IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARCO RODRIGUEZ #909245 | § | |
| v. | § | CIVIL ACTION NO. 9:05cv64 |
| DR. BETTY WILLIAMS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Marco Rodriguez, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rodriguez complained about his medical restrictions and work restrictions. The Magistrate Judge conducted an evidentiary hearing on October 25, 2005. At this hearing, Rodriguez testified that he had been shot and had a bullet in his leg, and he could not do the work being required of him. He said that he was working on the hoe squad and believed that he could work in the kitchen or "pushing a broom," and that he wanted a job "where he did not have to suffer." Rodriguez also sued two unit wardens for failing to help him.

The Magistrate Judge reviewed the medical records provided by prison officials at the hearing. These records showed that Rodriguez had been examined by medical personnel on numerous occasions, and that these medical professionals concluded that Rodriguez's condition did not warrant work restrictions.

On October 31, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed with prejudice as frivolous. The Magistrate Judge concluded that Rodriguez's disagreement with the medical staff's assessment of him did not amount to a constitutional violation, and that even if the medical personnel were negligent, this would not set out a constitutional claim. The Magistrate Judge also concluded that Rodriguez's claims against the unit wardens was without merit because these claims were not exhausted and because these claims also lacked merit.

Rodriguez filed objections to the Report, together with a motion to extend time to file these objections, on December 5, 2005. His first two objections assert that he has not failed to state a claim and that his lawsuit is not frivolous because it is obvious from the medical records that he is in pain and cannot do the work assigned. These objections amount to restating his disagreement with the medical staff's assessment of him.

The court has reviewed the medical records. They are over an inch thick and document treatment for a variety of complaints including throat irritation, rash, poison ivy, leg pain, back pain, dental problems, and arthritis. In light of these records, a claim of conscious indifference to serious medical needs is groundless. As the Magistrate Judge correctly concluded, mere disagreement with treatment received or that this treatment has been ineffective is insufficient to set out a constitutional violation. Rodriguez's first two objections are without merit.

Third, Rodriguez complains that he needed an attorney and an interpreter so that he could understand the proceedings, but was denied both.[1]  He complains that the Magistrate Judge used a "Spanish lady" who was volunteered by the Defendants.  He says that this interpreter was unsworn. The tape of the proceedings show that the individual in question was introduced as a qualified interpreter, and that  the Magistrate Judge placed her under oath.  Rodriguez claims that she was unable to interpret correctly, although he points to no statement in English which was allegedly  incorrectly translated.  The Magistrate Judge's Report contains an account of Rodriguez's testimony, as translated by the interpreter,  but Rodriguez does not indicate that any of this was  inaccurate.  His objection to the interpreter  is without merit.

Rodriguez also complains that he was not allowed to cross-examine the Defendants at the Spears hearing.  None of the Defendants testified at the Spears hearing, which is not a trial but simply a means to elicit facts from the Plaintiff.   The Defendants had not even  been served with process prior to the hearing, inasmuch as a determination as to frivolousness had not yet been made.  See Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990).  At the Spears hearing stage, the Plaintiff's version of the facts is accepted as true. The Court could not have received testimony from any Defendant which contradicted that offered by Rodriguez.  Rodriguez fails to show any harm from the fact that he was not allowed to cross-examine the Defendants at the Spears hearing.  This contention is without merit.

---

[1]This claim is somewhat suspect.  Several of the medical request forms in the file contain a handwritten description of the complaint in the space to filled in by the prisoner.  These are all in the first person and are  signed by "Marco A. Rodriguez." They appear to be in the same handwriting.   Some are in English, and some in Spanish, and all read as though they were written by someone who is fluent in both languages.

Fourth, Rodriguez takes issue with the Magistrate Judge's recommendation concerning exhaustion of administrative remedies.  He says that his complaint against the wardens, which was raised in an amended complaint, "relates back" to the original lawsuit.  He never says that he did in fact exhaust his administrative grievances against Warden Stacks and Warden Reescano.  This contention is without merit.  Additionally, Rodriguez does not object to the Magistrate Judge's conclusion that his claims against the wardens lack merit.

The Court has conducted a careful *de novo* review of the pleadings, testimony, and records in this cause, as well as the Report of the Magistrate Judge and the objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge Is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to exhaust administrative remedies.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **24** day of **February, 2006.**

_____
Ron Clark, United States District Judge